UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT PADUCAH
CIVIL ACTION NO. 5:20CV-P55-TBR

**TORI TONI CURTIS**                                              **PLAINTIFF**

**v.**

**CHRISTIAN COUNTY, KY** *et al.*                                 **DEFENDANTS**

<u>**MEMORANDUM OPINION AND ORDER**</u>

Plaintiff Tori Toni Curtis filed the instant *pro se* 42 U.S.C. § 1983 action proceeding *in forma pauperis*. This matter is before the Court on initial review of the complaint pursuant to 28 U.S.C. § 1915A. Upon review, the Court will dismiss some of Plaintiff's claims and allow other claims to proceed for further development.

## I.  SUMMARY OF ALLEGATIONS

Plaintiff was a convicted inmate at the Christian County Jail (CCJ) at the time pertinent to the complaint. He sues Christian County and the following personnel of CCJ: Jailer Bradley Boyd; Chief Deputy Jailer Steve Howard; Lieutenant Deputy Brian Reeves; and Captain Burd. He also sues Christian County Judge Executive Steve Trible and the following eight Christian County Magistrates: Rich Liebe, Kenneth Bates, Mark Wells, Mark E. Cansler, Darrell Gustafson, Jack Lackey, David Collins, and Terry Bowman. He sues each Defendant in his individual and official capacities.

Plaintiff states that on November 26, 2019, he was "on suicide watch for refusing to eat & refusing to take my insulin – (diabetics shots)." He states that he was pulled out of his cell and "interrogated" by officers from the Chicago Police Department. He states that he had been told earlier by Defendants Howard and Burd that he would "remain in solitary confinement –

(segregation) the hold, the rest of my time while at [CCJ], which could be months or even years, it all upset me!!"  Plaintiff next alleges the following:

> I was then placed back into my cell #845, within seconds I took a cup from underneath my bunk bed containing feces, bodily fluids an I threw it on my room/cell walls, an already closed cell door in which, some also got on me and the suicidal smock I was wearing.  I then set down on the table in my cell to cool off, an while so, the deputies on shift at that time looked into my cell and noticed, an the smell.

Plaintiff states that deputies, including Defendant Burd, placed a restraint chair outside his cell door and told him to stand up and back towards the cell door.  He states, "I done exactly as I was directed, never showed any signs of not following orders, or never showing any signs of self harm, or harm to others!!"

Plaintiff further alleges that when the deputies opened the cell door he "was shot in my right buttox with the prones of deputy Captain Burd x2 tazer gun, and I was elechro-shocked very painfully, I screamed out in pain, spun and dropped to the ground on my belly . . . ."  He reports, "The deputies rushed in tried to hog tie my hands an feet altogether as one, to hall me out, but stopped an didn't.  They put my hands-wrist in cuffs behind my back picked me up grabbing each of my elbows, pushing me threw the cell/room door an shoved me into the restraint chair . . . ."  He states that he was strapped in "well over too tightly . . . ."  He further maintains that he was "then wheeled-pushed while in restraint chair next to the booking in desk . . . where I was made to sit in that restraint chair for a total of 12 whole hours.  With no brakes to stretch my muscles, not even once."

Plaintiff reports that when the next shift started at 3:30 pm Defendant Reeves was in charge.  He asserts that he had made requests to Defendant Reeves to allow him to stretch or to be removed from the restraint chair "since it's been hours passed in it and I have been calm, not

yelling or screaming, etc."  Plaintiff states that he received no response.  He asserts that he is a Type 1 insulin-dependent diabetic and that "with in those very long painful 12 straight hours my arms, fingers, as well as the back of my thighs & legs down to my feet were getting alot of different kinds of cramps and sores, then numb all over.  I couldn't feel nothing then!!!" Plaintiff alleges that this shows deliberate indifference to a substantial risk of serious harm in violation of the Eighth Amendment.

Plaintiff further maintains that he had "a medical injury done to my left ankle and foot – (leg) due to me being in the restraint chair that cut off my blood circulation to my ankle & legs." He states, "I had a big size sore on my outer left ankle that was continuing draining, lecking fluids from it and I couldn't walk properly for 3 or 4 days."  He states that he was seen by medical and prescribed medication.

Plaintiff also states that Defendants Boyd and Howard violated his First Amendment rights by not responding to his grievances.  He states that "for them to have allowed this all to happen under them, makes them now, an then 'a complicity to excessive force & retaliation on a county jail inmate.'"  Plaintiff asserts, "Due to the defendants actions municipality can, and should be liable for Christian County failure to train it's employee when the municipality's failure shows 'deliberate indifference' to the rights of it's inhabitants."

Plaintiff further maintains that after he attempted to file grievances and received no response, he wrote to the Kentucky Justice & Public Safety Cabinet (JPSC) concerning the incident.  He states that he asked that camera recording of the incident be viewed.  He attaches a response he received from Shameckia Holt, a Jail Services Specialist with the JPSC, whom he states did not view the camera recording and "only took the word of the Chief Deputy."

3

As relief, Plaintiff seeks compensatory and punitive damages and an order that CCJ "get a grievance coordinator . . . ."

## II.  STANDARD

When a prisoner initiates a civil action seeking redress from a governmental entity, officer, or employee, the trial court must review the complaint and dismiss the complaint, or any portion of it, if the court determines that the complaint is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.  *See* § 1915A(b)(1), (2); *McGore v. Wrigglesworth*, 114 F.3d 601, 604 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007).

In order to survive dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  "[A] district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)).  "But the district court need not accept a 'bare assertion of legal conclusions.'" *Tackett*, 561 F.3d at 488 (quoting *Columbia Natural Res., Inc. v. Tatum*, 58 F.3d 1101, 1109 (6th Cir. 1995)).  Although this Court recognizes that *pro se* pleadings are to be held to a less stringent standard than formal pleadings drafted by lawyers, *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991), "[o]ur duty to be 'less stringent' with pro se complaints does not require us to conjure up unpled allegations." *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979) (citation omitted).

4

# III.  ANALYSIS

## A.  Individual-capacity claims

### 1.  Defendants Trible and Magistrates

Rule 8(a) of the Federal Rules of Civil Procedure requires that a complaint "shall contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  While the Court is aware of its duty to construe *pro se* complaints liberally, Plaintiff is not absolved of his duty to comply with the Federal Rules of Civil Procedure by providing Defendants with "fair notice of the basis for his claims."  *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 514 (2002).  To state a claim for relief, Plaintiff must show how each Defendant is accountable because the Defendant was personally involved in the acts about which he complains.  *See Rizzo v. Goode*, 423 U.S. 362, 375-76 (1976).  Plaintiff does not allege any personal involvement by Defendants Trible or the Christian County Magistrates in the alleged events.

Moreover, to the extent Plaintiff seeks to hold these Defendants liable based on their supervisory authority over other Defendants, under 42 U.S.C. § 1983, "[g]overnment officials may not be held liable for the unconstitutional conduct of their subordinates under a theory of respondeat superior."  *Ashcroft v. Iqbal*, 556 U.S. at 676; *see also Bellamy v. Bradley*, 729 F.2d 416, 421 (6th Cir. 1984) ("Section 1983 liability will not be imposed solely upon the basis of respondeat superior.").  Rather, a plaintiff must "plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution."  *Ashcroft v. Iqbal*, 556 U.S. at 676.  To establish supervisory liability in a § 1983 action, "[t]here must be a showing that the supervisor encouraged the specific incident of misconduct or in some other way directly participated in it.  At a minimum, a § 1983 plaintiff must show that a supervisory official at least

5

implicitly authorized, approved or knowingly acquiesced in the unconstitutional conduct of the offending subordinate." *Bellamy*, 729 F.2d at 421 (citing *Hays v. Jefferson Cty., Ky.*, 668 F.2d 869, 872-74 (6th Cir. 1982)). The complaint makes no allegations the Defendants Trible or the county Magistrates encouraged or implicitly authorized, approved, or knowingly acquiesced in any unconstitutional conduct.

Accordingly, the individual-capacity claims against Defendants Trible and the county Magistrates—Liebe, Bates, Wells, Cansler, Gustafson, Lackey, Collins, and Bowman—will be dismissed for failure to state a claim upon which relief may be granted.

### 2. Grievance handling

Plaintiff alleges Defendant Boyd and Howard violated his First Amendment rights by not responding to his grievances. However, there is "no constitutionally protected due process interest in unfettered access to a prison grievance procedure." *Walker v. Mich. Dep't of Corr.*, 128 F. App'x 441, 445 (6th Cir. 2005). By the same token, a plaintiff cannot maintain a claim against a prison official based solely on his handling of the plaintiff's grievance. "The 'denial of administrative grievances or the failure to act' by prison officials does not subject supervisors to liability under § 1983." *Grinter v. Knight*, 532 F.3d 567, 576 (6th Cir. 2008) (quoting *Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999). A plaintiff's claim is against the subjects of his grievances, not those who merely decided whether to grant or deny the grievances. *See Skinner v. Govorchin*, 463 F.3d 518, 525 (6th Cir. 2006) ("Skinner's complaint regarding Wolfenbarger's denial of Skinner's grievance appeal, it is clear, fails to state a claim."). Moreover, the failure to act on Plaintiff's grievances does not subject either Defendant Boyd or Howard to supervisory liability. *See Horton v. Martin*, 137 F. App'x 773, 775 (6th Cir. 2005) ("[Plaintiff] merely alleged that [the defendant] failed to remedy the situation after he had been informed of the

problem via [plaintiff's] grievance.  [This] allegation does not state a claim because the doctrine of respondeat superior does not apply in § 1983 lawsuits to impute liability onto supervisory personnel."); *Stewart v. Taft*, 235 F. Supp. 2d 763, 767 (N.D. Ohio 2002) ("[S]upervisory liability under § 1983 cannot attach where the allegation of liability is based upon a mere failure to act.").

Therefore, Plaintiff's claims concerning the handling of his grievances must be denied for failure to state a claim upon which relief may be granted.

### 3.  Verbal harassment and retaliation

To the extent that Plaintiff may be asserting a separate claim based on statements by Defendants Howard and Burd that he would remain in solitary confinement for the remainder of his time at CCJ, the Court finds that the statements amount to verbal abuse or harassment which does not give rise to a constitutional violation.  *See Johnson v. Unknown Dellatifa*, 357 F.3d 539, 546 (6th Cir. 2004) (holding that verbal abuse and harassment do not constitute punishment that would support an Eighth Amendment claim); *Violett v. Reynolds*, 76 F. App'x 24, 27 (6th Cir. 2003) ("[V]erbal abuse and harassment do not constitute punishment that would support an Eighth Amendment claim."); *Ivey v. Wilson*, 832 F.2d 950, 954-55 (6th Cir. 1987).

Plaintiff also states that Defendants Boyd's and Howards' failure to respond to his grievances showed "'a complicity to excessive force & retaliation on a county jail inmate.'"  To the extent that this could be construed as alleging a separate retaliation claim, Plaintiff's reference to retaliation is broad and conclusory and too lacking in any factual specificity to state a claim.  *See Iqbal*, 556 U.S. at 681.  Plaintiff's broad statement fails to give Defendant "fair notice" of his claim(s) against him.  *Swierkiewicz*, 534 U.S. at 512 (indicating that the short and

plain statement of claim must "'give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests'") (citation omitted).

Therefore, any claims based on verbal harassment or retaliation must be dismissed for failure to state a claim upon which relief may be granted.

### 4. Excessive force and deliberate indifference to safety

Upon review, and viewing the complaint in the light most favorable to Plaintiff, as the Court must do at this stage, *see Tackett*, 561 F.3d at 488, the Court will allow Plaintiff's claim of excessive force to proceed against Defendant Burd and claim of deliberate indifference to safety to proceed against Burd and Reeves in their individual capacities.

## B. Christian County and official-capacity claims

"Official-capacity suits . . . 'generally represent [] another way of pleading an action against an entity of which an officer is an agent.'" *Kentucky v. Graham*, 473 U.S. 159, 165 (1985) (quoting *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 690 n.55 (1978)). Suing employees in their official capacities is the equivalent of suing their employer. *Lambert v. Hartman*, 517 F.3d 433, 439-40 (6th Cir. 2008); *Matthews v. Jones*, 35 F.3d 1046, 1049 (6th Cir. 1994); *Smallwood v. Jefferson Cty. Gov't*, 743 F. Supp. 502, 503 (W.D. Ky. 1990). Therefore, the Court construes Plaintiff's official-capacity claims against all Defendants as brought against their employer, Christian County.

When a § 1983 claim is made against a municipality, this Court must analyze two distinct issues: (1) whether Plaintiff's harm was caused by a constitutional violation; and (2) if so, whether the municipality is responsible for that violation. *Collins v. City of Harker Heights, Tex.*, 503 U.S. 115, 120 (1992). With regard to the second issue, a municipality cannot be held responsible for a constitutional deprivation unless there is a direct causal link between a

8

municipal policy or custom and the alleged constitutional deprivation.  *Monell*, 436 U.S. at 691; *Deaton v. Montgomery Cty., Ohio*, 989 F.2d 885, 889 (6th Cir. 1993).

Plaintiff alleges that Christian County should be liable based on its failure to train its employees.  Upon review, the Court will allow Plaintiff's excessive-force claim to proceed against Defendant Burd in his official capacity and deliberate-indifference-to-safety claim to proceed against Defendants Burd and Reeves in their official capacities.

The Court having found no other constitutional claims stated in the complaint, the official-capacity claims against all other Defendants will be dismissed for failure to state a claim. The claim against Defendant Christian County will be dismissed as redundant to the continuing official-capacity claims against Defendants Burd and Reeves.  *See Smith v. Brevard Cty.*, 461 F. Supp. 2d 1243, 1251 (M.D. Fla. 2006); *Smith v. Bd. of Cty. Comm'rs of Cty. of Lyon*, 216 F. Supp. 2d 1209, 1219-20 (D. Kan. 2002).

## IV.  ORDER

For the reasons set forth herein, and the Court being otherwise sufficiently advised,

**IT IS ORDERED** that the individual- and official-capacity claims against Defendants Trible, Liebe, Bates, Wells, Cansler, Gustafson, Lackey, Collins, and Bowman and the individual- and official-capacity claims based on grievance handling, verbal abuse, and retaliation are **DISMISSED** pursuant to 28 U.S.C. § 1915A(b)(1) because the claims fail to state a claim upon which relief may be granted.

**IT IS ORDERED** that the claim against Defendant Christian County is **DISMISSED** as redundant to the continuing official-capacity claims against Defendant Burd and Reeves.

9

The Clerk of Court is **DIRECTED to terminate Defendants Christian County, Howard, Trible, Liebe, Bates, Wells, Cansler, Gustafson, Lackey, Collins, and Bowman** as parties to this action.

The Court has allowed Plaintiff's excessive-force claim to proceed against Defendant Burd in his individual and official capacities and deliberate-indifference-to-safety claim to proceed against Burd and Reeves in their individual and official capacities.

The Court will enter a separate Order governing the claims which will proceed.

Date:   October 2, 2020

**Thomas B. Russell, Senior Judge
United States District Court**

cc:      Plaintiff, *pro se*
         Defendants
         Christian County Attorney
4413.010